McGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant U.S. Attorney
Federal Building
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:06-CR-00158 OWW |
| | ) | |
| Plaintiff, | ) | APPLICATION FOR ORDER |
| | ) | REGARDING CRIMINAL FORFEITURE |
| v. | ) | OF PROPERTY IN GOVERNMENT |
| | ) | CUSTODY - 18 U.S.C. § |
| JUAN ROMERO, | ) | 983(a)(3)(B)(ii)(II) |
| TOMAS REVUELTA, | ) | |
| CUAHUTOMOC RINCON, | ) | |
| Aka "CHINO" | ) | |
| IGNACIO LOPEZ, | ) | |
| REYES MIRANDA, | ) | |
| RAMON RINCON, | ) | |
| FRANCISCO PAEZ Del Los Reyes, | ) | |
| aka JESUS REYES, AND | ) | |
| IMELDA HERNANDEZ | ) | |
| Defendants. | ) | |
| _____ | ) | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about April 6, 2006, law enforcement officers executed a Federal search warrant at 836 Cathedral Lane in Modesto, California. At the search of this residence, DEA agents seized

1

the following asset:

a)    2004 Nissan Armada, License Number 5GRZ318, VIN:
      5N1AA08B94N712700

Hereinafter, referred to as the "defendant vehicle."

In accordance with 18 U.S.C. § 983(a)(1), DEA sent notice to defendant Tomas Revuelta, and potential claimant Gricelda Revuelta of its intent to forfeit the defendant vehicle in a non-judicial forfeiture proceeding, and caused that notice to be published in a newspaper of general circulation.

On or about May 30, 2006, defendant Tomas Revuelta filed a claim contesting the administrative forfeiture on the above defendant vehicle pursuant to 18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the defendant vehicle in a criminal indictment, and take steps to preserve the Government's right to retain custody.  On August 24, 2006, the Government elected the third option when it filed a Superseding Indictment containing a forfeiture allegation concerning the defendant vehicle.  That Superceding Indictment is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute".  The applicable forfeiture statute in this case is 21 U.S.C. § 853.  That statute prescribes several methods for

1   preserving property for the purpose of criminal forfeiture.

2       Section 853(f) authorizes the issuance of a criminal seizure

3   warrant.  However, in cases like this one, where the property in

4   question is already in Government custody, it is not appropriate

5   for a Court to issue a seizure warrant directing the Government

6   to seize property from itself.  In turn, Section 853(e)

7   authorizes the Court to issue a restraining order or an

8   injunction to preserve the property for forfeiture.  However,

9   that provision is not pertinent because there is no need to

10  enjoin the Government from disposing of property that the

11  Government has taken into its custody for the purpose of

12  forfeiture, and that the Government intends to preserve for that

13  purpose through the conclusion of the pending criminal case.

14      Finally, Section 853(e)(1) also authorizes a Court to "take

15  any other action to preserve the availability of property"

16  subject to forfeiture.  The Government contends that this

17  provision applies in circumstances where, as here, the Government

18  has already obtained lawful custody of the defendant vehicle

19  pursuant to a Federal search warrant, and the Government seeks to

20  comply with Section 983(a)(3)(B)(ii)(II).  Thus, all that is

21  required to comply with Section 983(a)(3)(B)(ii)(II) is an order

22  from this Court stating that the United States and its agencies,

23  including DEA and/or the United States Marshals Service, may

24  continue to maintain custody of the defendant vehicle for

25  forfeiture until the criminal case is concluded.

26      Accordingly, pursuant to Section 853(e)(1), the United

27  States respectfully moves this Court to issue an order directing

28  that the United States may maintain custody of the defendant

1 vehicle through the conclusion of the pending criminal case, and

2 stating that such order satisfies the requirements of 18 U.S.C.

3 § 983(a)(3)(B)(ii)(II).

4 Dated: 8/29/06                    McGREGOR W. SCOTT
                                  United States Attorney

5

6

7                                 /s/ Kathleen A. Servatius
                                  KATHLEEN A. SERVATIUS
                                  Assistant U.S. Attorney

8

9

10                                **ORDER**

11        This matter comes before the Court on the motion of the

12 United States for an Order authorizing the Government and its

13 agencies to maintain custody of certain property pending the

14 conclusion of the pending criminal case.  For the reasons

15 provided in the Government's motion, the Court makes the

16 following orders:

17        IT IS HEREBY ORDERED, that the United States and its

18 agencies, including the DEA and/or the U.S. Marshals Service, are

19 authorized to maintain and preserve the following asset until the

20 conclusion of the instant criminal case, or pending further Order

21 of this Court:

22        a)    2004 Nissan Armada, License Number 5GRZ318, VIN:
                5N1AA08B94N712700

23

24

25 IT IS SO ORDERED.

26 **Dated:   August 30, 2006**              **/s/ Oliver W. Wanger**
   emm0d6                                  UNITED STATES DISTRICT JUDGE

27

28

                                    4