McGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant U.S. Attorney
Federal Building
2500 Tulare Street, Ste. 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:06-CR-00158 OWW |
| | ) | |
| Plaintiff, | ) | APPLICATION FOR ORDER |
| | ) | REGARDING CRIMINAL FORFEITURE |
| v. | ) | OF PROPERTY IN GOVERNMENT |
| | ) | CUSTODY - 18 U.S.C. § |
| JUAN ROMERO, | ) | 983(a)(3)(B)(ii)(II) |
| TOMAS REVUELTA, | ) | |
| CUAHUTOMOC RINCON, | ) | |
| Aka "CHINO" | ) | |
| IGNACIO LOPEZ, | ) | |
| REYES MIRANDA, | ) | |
| RAMON RINCON, | ) | |
| FRANCISCO PAEZ Del Los Reyes, | ) | |
| aka JESUS REYES, AND | ) | |
| IMELDA HERNANDEZ | ) | |
| Defendants. | ) | |
| _____ | ) | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about April 6, 2006, law enforcement officers executed a Federal search warrant at 3302 W. Shields Ave., Apt. #101, in Fresno, California. At the search of this residence, DEA agents

1

1  seized the following asset:
2      a)   Approximately $3,394.00 in United States Currency
3  Hereinafter referred to as the "defendant currency."
4      In accordance with 18 U.S.C. § 983(a)(1), DEA sent notice to
5  defendant Reyes Miranda, and potential claimant Mayra Briceno aka
6  Mayra Plumb of its intent to forfeit the defendant currency in a
7  non-judicial forfeiture proceeding, and caused that notice to be
8  published in a newspaper of general circulation.
9      On or about June 5, 2006, defendant Reyes Miranda filed a
10 claim contesting the administrative forfeiture on the above
11 defendant currency pursuant to 18 U.S.C. § 983(a)(2).
12     Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90
13 days in which to 1) return the property to the defendant, 2)
14 commence a civil judicial forfeiture action, or 3) commence a
15 criminal forfeiture action by including the defendant currency in
16 a criminal indictment, and take steps to preserve the
17 Government's right to retain custody.  On August 24, 2006, the
18 Government elected the third option when it filed a Superseding
19 Indictment containing a forfeiture allegation concerning the
20 defendant currency.  That Superceding Indictment is now pending
21 in this Court.
22     Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when
23 the government elects the third option, it must "take the steps
24 necessary to preserve its right to maintain custody of the
25 property as provided in the applicable criminal forfeiture
26 statute".  The applicable forfeiture statute in this case is 21
27 U.S.C. § 853.  That statute prescribes several methods for
28 preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a Court to issue a seizure warrant directing the Government to seize property from itself. In turn, Section 853(e) authorizes the Court to issue a restraining order or an injunction to preserve the property for forfeiture. However, that provision is not pertinent because there is no need to enjoin the Government from disposing of property that the Government has taken into its custody for the purpose of forfeiture, and that the Government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a Court to "take any other action to preserve the availability of property" subject to forfeiture. The Government contends that this provision applies in circumstances where, as here, the Government has already obtained lawful custody of the defendant currency pursuant to a Federal search warrant, and the Government seeks to comply with Section 983(a)(3)(B)(ii)(II). Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including DEA and/or the United States Marshals Service, may continue to maintain custody of the defendant currency for forfeiture until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this Court to issue an order directing that the United States may maintain custody of the defendant currency through the conclusion of the pending criminal case, and

3

1  stating that such order satisfies the requirements of 18 U.S.C.
2  § 983(a)(3)(B)(ii)(II).
3  Dated: 8/29/06                    McGREGOR W. SCOTT
                                     United States Attorney

                                     /s/ Kathleen A. Servatius
                                     KATHLEEN A. SERVATIUS
                                     Assistant U.S. Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the Government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case.  For the reasons provided in the Government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the U.S. Marshals Service, are authorized to maintain and preserve the following asset until the conclusion of the instant criminal case, or pending further Order of this Court:

a)   Approximately $3,394.00 in United States Currency

IT IS SO ORDERED.

**Dated:   August 30, 2006**                    **/s/ Oliver W. Wanger**
emm0d6                                          UNITED STATES DISTRICT JUDGE

4